Matter of Glen Wild Land Co., LLC v Town of Thompson (2024 NY Slip Op 06093)

Matter of Glen Wild Land Co., LLC v Town of Thompson

2024 NY Slip Op 06093

Decided on December 5, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 5, 2024

CV-23-1419
[*1]In the Matter of Glen Wild Land Company, LLC, Appellant,
v
Town of Thompson, Appellant, and Martha J. Greenberg, Also Known as Martha Wild, et al., Respondents.

Calendar Date:November 20, 2024

Before:Clark, J.P., Lynch, Reynolds Fitzgerald, Ceresia and Powers, JJ.

Fogel & Brown, PC, Syracuse (Michael A. Fogel of counsel), for Glen Wild Land Company, LLC, appellant.
Law Office of Michael B. Mednick, Monticello (Michael B. Mednick of counsel), for Town of Thompson, appellant.
Steven N. Mogel, Monticello, for respondents.

Ceresia, J.
Appeals from an order of the Supreme Court (Stephan G. Schick, J.), entered June 19, 2023 in Sullivan County, which, among other things, dismissed petitioner's application, in a proceeding pursuant to Town Law article 7 and Election Law article 16, to restrain the application of Resolution No. 78 of 2023 to petitioner.
Petitioner is developing a commercial project on its property in respondent Town of Thompson. Pursuant to Town Law article 12, petitioner submitted a petition to the Town Board, seeking an extension of the Consolidated Rock Hill-Emerald Green Sewer District to petitioner's property. The Board adopted a resolution approving the extension under Town Law article 12-A, subject to a permissive referendum. Respondents Martha J. Greenberg, Leonard N. Bernardo and Camille Johnston and other town residents then circulated a petition to trigger the referendum on the proposed sewer district extension, ultimately gathering 298 signatures and submitting them to the Town Clerk. After petitioner filed objections to the referendum petition, the Town Clerk determined that the number of valid signatures fell short of the minimum of 100 required to trigger a referendum. Subsequently, petitioner commenced this proceeding challenging the subject resolution to the extent that it allowed for a permissive referendum and seeking to invalidate the referendum petition. Respondents opposed, and Supreme Court found that the resolution comported with the Town Law and the referendum petition was valid. Petitioner and the Town appeal.
Among the issues presented on this appeal is whether the referendum petition contained the requisite number of valid signatures. To that end, the order on appeal is unclear as to exactly how many signatures were counted as valid by Supreme Court, and for what reason each such signature was validated. In view of this, the appropriate remedy is to hold the appeal in abeyance and remit the matter to Supreme Court to make express findings, to be filed with this Court within 30 days.
Clark, J.P., Lynch, Reynolds Fitzgerald and Powers, JJ., concur.
ORDERED that the decision is withheld, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.